UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLEY MCQUEARY-LAYNE

VERSUS

LOUISIANA STATE BOARD OF
NURSING ET AL.

CIVIL ACTION

NO.: 18-632-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion (Doc. 55)** of Defendants Wanda Matthews, Sharetha Brown, and Carrie LeBlanc Jones to dismiss *pro se* Plaintiff Kimberley McQueary-Layne's complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the **Motion (Doc. 55)** is **GRANTED**.

I. BACKGROUND

This dispute arises from Louisiana State Board of Nursing disciplinary proceedings culminating in the suspension of McQueary-Layne's nursing license.

Dissatisfied with those proceedings, McQueary-Layne sued all involved: the Board of Nursing; its lawyer, Carrie LeBlanc Jones; its compliance investigator, Sharetha Brown; and its hearing officer, Wanda Matthews. (Doc. 8). McQueary-Layne alleges that Defendants violated her constitutional rights by "accus[ing] her of heinous allegations," "subject[ing] [her] to humiliation and mockery by a prejudiced jury," and "withhold[ing] exculpatory evidence." (*Id.* at pp. 2–3). She also alleges that Defendants defamed her and violated Louisiana's Administrative Procedure Act.

1

(Doc. 1 at p. 2; Doc. 8 at p. 2). She seeks damages and "judicial review" of the Board of Nursing disciplinary proceedings. (Doc. 8 at pp. 6–7).

Defendants moved to dismiss for failure to state a claim. (Doc. 18). The Court granted the motion, in part,[1] and dismissed McQueary-Layne's claims. (Doc. 46 at pp. 18–19). The Court granted her leave, however, to amend her complaint to attempt to plead (1) a federal-law individual-capacity claim against Sharetha Brown and (2) state-law individual-capacity claims against Jones, Matthews, and Brown. (Doc. 46). McQueary-Layne timely amended her complaint, and Defendants again move to dismiss for failure to state a claim. (Doc. 55).

## II. LEGAL STANDARD

To overcome Defendants' motion, McQueary-Layne must plead plausible claims for relief. *See Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. *See Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678). The Court accepts as true the well-pleaded facts of McQueary-Layne's complaints and views those facts in the light most favorable to her. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

---

[1] The Court denied the motion as to Defendants' request for abstention.

## III. DISCUSSION

Defendants argue that they enjoy statutory immunity from McQueary-Layne's state-law claims. (Doc. 55-1). Brown argues, separately, that she enjoys qualified immunity. (*Id.*). The Court turns first to qualified immunity.

### A. Qualified Immunity

Qualified immunity protects government officials from civil liability so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because Brown asserts qualified immunity, McQueary-Layne "bears the burden of pleading facts that demonstrate liability and defeat immunity." *Shaw v. Villanueva*, 918 F.3d 414, 416 (5th Cir. 2019). To meet that burden, McQueary-Layne must allege facts showing that (1) Brown violated a statutory or constitutional right and (2) the right was clearly established at the time of her conduct. *See id.* at 417.

McQueary-Layne points to the Fourteenth Amendment. (Doc. 54 at p. 1). She appears to allege that Brown violated her rights under the Due Process Clause by limiting her access to all of the "evidence" she needed to "defend herself" during disciplinary proceedings. (*Id.* at p. 5). But she fails to identify any opinion clearly establishing those rights. (*Id.*). Specifically, she fails to show that a hearing "investigator" violates the due-process rights of a hearing participant when the investigator fails to furnish the participant all of the "evidence" the participant deems necessary to "defend herself" during the hearing. (*Id.*). Because she fails to allege that

3

Brown violated a clearly established right, she fails to overcome Brown's qualified-immunity defense. *See Shaw*, 918 F.3d at 416. The Court therefore grants Defendants' motion as to McQueary-Layne's federal-law individual-capacity claims against Brown and dismisses those claims with prejudice.

B. **Statutory Immunity**

Defendants argue that they enjoy statutory immunity under LA. R.S. 37:931(B). (Docs. 18-1, 19-1). That provision shields from liability

> any member of the board, its officers, employees, agents, or representatives for any action undertaken or performed by such individual within the scope of the duties, powers, and functions of the board when acting without malice and in the reasonable belief that the action taken is within the board's and such individual's authority.

LA. R.S. 37:931(B).

Jones, Matthews, and Brown are either "member[s]," "officers," "employees," or "agents" of the Board of Nursing. *See id.* And McQueary-Layne's complaint seeks to impose liability on them for "action undertaken or performed . . . within the scope of the duties . . . of the board." *Id.* So Jones, Matthews, and Brown enjoy immunity under LA. R.S. 37:931(B) unless they failed to act (1) "without malice" or (2) "in the reasonable belief that the[ir] action[s]" were within theirs and the Board of Nursing's authority. *Id.*

McQueary-Layne's complaint contains no plausible allegation that Jones, Matthews, or Brown failed to act as LA. R.S. 37:931(B) requires.[2] (Docs. 1, 8). So

---

[2] McQueary-Layne's allegation that an unidentified Defendant sent "false allegations" to a "national data base on a malicious basis" is conclusory and thus not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681.

4

Jones, Matthews, and Brown are statutorily immune from liability on McQueary-Layne's state-law claims. (*Id.*). The Court therefore grants Defendants' motion to dismiss McQueary-Layne's individual-capacity state-law claims and dismisses those claims with prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 55)** is granted. McQueary-Layne's remaining claims are **DISMISSED** with prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 26th day of June, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA